UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN G. WILKINS, aka NERRAH BROWN, CDCR #AN-2387,<br><br>Plaintiff,<br><br>vs.<br><br>DANIELLE McGUIRE, Litigation Coordinator; A. TINAJERO, Asst. Litigation Coordinator,<br><br>Defendants. | Case No.: 3:17-cv-01385-DMS-BGS<br><br>**ORDER**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

KEENAN G. WILKINS, aka Nerrah Brown ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983.

In both his original, and a subsequently filed First Amended Complaint, Plaintiff claims two RJD Litigation Coordinators denied him access to the courts and equal protection of the laws on June 29, 2016, by failing to arrange for him to appear for a "court call" before the Fifth Appellate District of the California Court of Appeal. *See*

ECF No. 1 at 3-4; ECF No. 5 at 3-4, 11.

Plaintiff did not pay the civil filing fee required to commence a civil action when he filed suit; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

**I.    Motion to Proceed IFP**

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought *an action* or *appeal* in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

///

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is simply prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

## II. Application to Plaintiff

As an initial matter, the Court has reviewed both Plaintiff's original, as well as his Amended Complaint, and has ascertained that neither contains any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as noted above, Plaintiff seeks to sue two RJD Litigation Coordinators for failing to arrange for him to appear telephonically at an oral argument before the California Court of Appeal on June 29, 2016. *See* ECF No. 1 at 3-4; ECF No. 5 at 3-4. None of Plaintiff's allegations plausibly suggest, however, that he faced any "imminent danger of serious physical injury" at the time he filed either his original or his Amended Complaint. *See* 28 U.S.C. § 1915(g); *Byrd v. Dir. of Corr.*, No. 15CV2339 GPC (KSC), 2016 WL 773229, at *2 (S.D. Cal. Feb. 29, 2016) (finding prisoner's allegations of having been denied access to

court and discriminated against based on race and religion insufficient to invoke
§ 1915(g)'s imminent danger exception).

And while Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Therefore, this Court takes judicial notice that Plaintiff, Keenan G. Wilkins, aka Nerrah Brown, currently identified as CDCR Inmate #AN-2387, has had at least five prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Brown (aka Williams) v. North County Jail*, Civil Case No. 3:97-cv-02298-MMC (N.D. Cal. Aug. 4, 1997) (Order dismissing civil rights complaint regarding the unauthorized, negligent, or intentional deprivation of his property for failure to state a claim) (ECF No. 2)[1] (strike one);

---

[1] This dismissal has also been classified as a "strike" by the Northern District of California in a more recent civil rights action filed by Plaintiff. *See Wilkins (aka Brown)*

4

2) *Wilkins v. Ahern, et al.*, Civil Case No. 3:08-cv-03850-MMC (N.D. Cal. Feb. 9, 2009) (Order of Dismissal pursuant to 28 U.S.C. § 1915A with prejudice as duplicative of *Wilkins v. Ahern, et al.,* N. D. Cal. Civil Case No. 3:08-cv-1084 MMC (PR) (ECF No. 8 at 2)[2] (strike two);

3) *Wilkins (aka Brown) v. County of Alameda, et al.*, Civil Case No. 5:11-cv-02704-LHK (PR) (N.D. Cal. Sept. 29, 2011) (Order dismissing amended complaint sua sponte per 28 U.S.C. § 1915A for failure to state a claim with leave to amend) (ECF No. 14); (N.D. Cal. May 1, 2012) (Order dismissing civil action without further leave to amend as futile) (ECF No. 21 at 3) (strike three);

4) *Wilkins v. County of Alameda, et al.,* Appeal No. 12-16170 (9th Cir. Aug. 6, 2012) (Order) ("The district court has certified that this appeal is not taken in good faith and has revoked appellant's in forma pauperis status. Our review of the record and of appellant's opposition to the revocation of his in forma pauperis status confirms that appellant is not entitled to in forma pauperis status for this appeal because we find the appeal is frivolous.") (Dkt. Entry 7 at 1)[3] (strike four);

---

*v. County of Contra Costa,* Civil Case No. 3:16-cv-07016-JD (N.D. Cal. April 26, 2017) (Order to Show Cause) (ECF No. 18 at 2).

[2] A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).

[3] "The *in forma pauperis* statute repeatedly treats the trial and appellate stages of litigation as distinct." *Coleman v. Tollefson*, __ U.S. __, 135 S. Ct. 1759, 1763-64 (2015) ("Nothing in [the PLRA] indicat[es] that Congress considered a trial court dismissal and an appellate court decision as if they were a single entity—or that Congress intended the former to take effect only when affirmed by the latter."); *see also Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding appellate court's denial of prisoner's request for IFP status on appeal on grounds of frivolousness constituted a "strike" under § 1915(g) "even though [it] did not dismiss the appeal until later when the [appellant] did not pay the filing fee.").

5) *Wilkins (aka Brown) v. County of Alameda, et al.*, Appeal No. 13-17060 (9th Cir. Jan. 13, 2014) (Order) ("The district court has certified that this appeal is not taken in good faith and has revoked appellant's in forma pauperis status. Our review of the record confirms that appellant is not entitled to in forma pauperis status for this appeal because we find the appeal is frivolous.") (Dkt. Entry 7 at 1) (strike five).[4]

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he failed to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed either his Complaint or his Amended Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## III. Conclusion and Order

For the reasons set forth above, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP [ECF No. 2] as barred by 28 U.S.C. § 1915(g);

///

---

[4] Plaintiff has also recently had his IFP status revoked in the Northern District of California pursuant to § 1915(g) in *Wilkins (aka Brown) v. County of Contra Costa*, Civil Case No. 3:16-cv-07016-JD (N.D. Cal. April 26, 2017) (Order to Show Cause) (ECF No. 18 at 2); (N.D. Cal. July 21, 2017) (Order Dismissing Case) (ECF No. 27). A Motion to Revoke his IFP status pursuant to § 1915(g) is also currently pending in the Eastern District of California. *See Wilkins (aka Brown) v. Gonzalez, et al.,* E.D. Cal. July 31, 2017) (ECF No. 50).

2) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: October 10, 2017

Hon. Dana M. Sabraw
United States District Judge